United States District Court
Southern District of Texas
**ENTERED**
November 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-525-2 |
| | § | |
| OSCAR CANTALICIO ORTIZ | § | |

## MEMORANDUM AND ORDER

On June 30, 2016, Oscar Cantalicio Ortiz pled guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. Ortiz was released on an appearance bond and absconded while awaiting sentencing. On June 5, 2017, the Court sentenced Ortiz in absentia to 262 months imprisonment and to pay $5,462,800 in restitution *See* Doc. # 68 at 3-4.

On August 24, 2017, Ortiz was re-arrested. He filed a motion for resentencing or modification of the judgment. Doc. # 165. The Court denied that motion on November 27, 2017.

Ortiz did not appeal. On June 1, 2018, Ortiz filed this motion for relief under 28 U.S.C. § 2255. The government moved for judgment on the record on September 10, 2018. Ortiz did not respond to the government's motion.

**I.   Applicable Legal Standards**

Ortiz brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A movant may obtain relief by showing

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack     .     .     .     .

28 U.S.C.A. § 2255(a).

## II. Analysis

Ortiz raises two claims: that he was not informed of his *Miranda* rights when he was arrested, and that his counsel labored under a conflict of interest.

### A. *Miranda*

As noted above, Ortiz pled guilty to one count. A guilty plea waives all non-jurisdictional defects occurring before entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Challenges to a conviction resulting from a guilty plea are limited to the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Grabowski v. Hargett*, 47 F.3d 1386, 1389 (5th Cir. 1995). Because Ortiz' claim that he was not informed of his *Miranda* rights after his arrest alleges a non-jurisdictional defect occurring before his plea that does not relate to the knowing and voluntary nature of the plea, Ortiz waived this claim by pleading guilty.

### B. Ineffective Assistance of Counsel

Ortiz alleges that he received ineffective assistance of counsel because his counsel labored under a conflict of interest. Ortiz was originally represented by retained counsel James Kennedy. Doc. # 14. His co-defendant, Seung Min Santillan, was originally represented by Assistant Federal Public defender Natalia Cornelio. Doc. # 10. Between November 17, 2014, and January 13, 2015, Ortiz and Santillan filed two joint motions for continuance. Docs. # 26, 28. On January 29, 2015, Nicole DeBorde replaced Kennedy as counsel for Ortiz. Docs. # 30-31.

From June 2, 2015 to October 28, 2015, Ortiz and Santillan filed two more joint motions for continuance. Docs. # 35, 37. On December 23, 2015, following the issuance of a

superseding indictment, Santillan and Ortiz filed another joint motion for a continuance. Doc. # 48. On February 16, 2016, the Court appointed Thomas Berg to represent Santillan. Doc. # 59.

On June 30, 2016, Ortiz, represented by Nicole DeBorde, pled guilty to Count One of the superseding indictment. Doc. # 72. On September 6, 2016, Santillan, represented by Thomas Berg, pled guilty to Counts One and Three. Doc. # 84.

On January 25, 2017, Berg moved to withdraw as counsel for Santillan because he accepted an offer to become First Assistant District Attorney for Harris County, Texas. Doc. # 97. On January 27, 2017, the Court appointed Edward Mallett, who shared office space with Berg, to represent Santillan at sentencing. Doc. # 98. The Court sentenced Santillan on April 10, 2017.

On June 1, 2017, DeBorde moved to withdraw as Ortiz' counsel citing "irreconcilable differences" with Ortiz. Doc. # 145. The Court denied the motion, noting Ortiz was a fugitive at the time. Doc. # 148. On June 5, 2017, the Court sentenced Ortiz in absentia and allowed DeBorde to withdraw. Doc. # 153. Following Ortiz' re-arrest, the Court appointed Michael Essmyer, Sr. To represent Ortiz. Docs. # 160-61. Ortiz acknowledged in open court that counsel DeBorde assisted him in reviewing the plea agreement and that he was satisfied with her representation. Doc. # 204, at 5.

The alleged conflict of interest arises from the fact that DeBorde's law firm represented co-defendant Santillan in a prior state criminal case.

> An "actual conflict" exists when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client. "Adverse effect" may be established with evidence that some plausible alternative defense strategy or tactic could have been pursued, but was not because of the actual conflict impairing counsel's performance. Assuming the defendant establishes an actual conflict that adversely affected counsel's performance, prejudice is presumed without any further inquiry into the effect of the actual conflict on the outcome of the defendant's trial.

*Perillo v. Johnson*, 205 F.3d 775, 781–82 (5th Cir. 2000)(internal quotations marks and citations omitted). To prevail on this claim, Ortiz must show that his counsel "actively represented conflicting interests." *Beets v. Collins*, 986 F.2d 1478, 1486 (5th Cir. 1993).

> [T]he constitutionalized concern that counsel not serve "two masters" is simply not implicated when a potential conflict of interest fails to develop into an actual conflict of interest. A theoretical or merely speculative conflict of interest will not invoke the protections of the Sixth Amendment. *See United States v. Eisen,* 974 F.2d 246, 265 (2d Cir.1992). Indeed, as a threshold matter the defendant must demonstrate that the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests.

*Id.* Ortiz makes no such showing. Despite stating in open court that he was satisfied with DeBorde's representation, Ortiz now complains that DeBorde failed to object to unspecified evidence used in calculating his sentence and failed to present unspecified evidence in mitigation of sentence. He does not identify any connection between this alleged deficient performance and Deborde's firm's representation of Santillan in the prior case. He therefore fails to demonstrate that his counsel labored under a conflict of interest and is not entitled to relief on this claim.

To the extent that Ortiz simply claims ineffective assistance of counsel on the grounds that DeBorde failed to object to or introduce certain evidence, the claim also fails. To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689. In assessing prejudice, "*Strickland* asks whether it is reasonably likely the result would have been different," if not for counsel's deficient performance. *Harrington v. Richter*, 562 U.S. 86, 111 (2011)(internal quotation marks omitted).

Ortiz claims that DeBorde failed to object to and present certain evidence, but identifies no such evidence. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). "The . . . presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . ." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### IV.     Certificate of Appealability

Ortiz has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")

A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Ortiz' motion. The Court finds that reasonable jurists would not find it debatable that Ortiz fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Ortiz is not entitled to a certificate of appealability.

### V. Rule 60(b) Motion

Ortiz also filed a motion for relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure on May 20, 2019. Doc. # 239. This motion is based on the incorrect

assumption that the court had already denied Ortiz' motion to vacate, set aside, or correct sentence, and argues that the court applied an incorrect standard in denying Ortiz a COA. As the Court had not yet denied either the motion or a COA when Ortiz filed the motion, the motion has no merit. No COA shall issue with regard to this motion.

VI.  **Order**

For the foregoing reasons, it is ORDERED as follows:

A.  The Government's motion for judgment on the record (Doc. # 210) is GRANTED;

A.  Oscar Cantalicio Ortiz' motion to vacate, set aside, or correct sentence (Doc. # 193) is DENIED;

B.  Ortiz' motion for relief from the judgment (Doc. # 239) is DENIED; and

C.  No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 13th day of November, 2019.

_____
Kenneth M. Hoyt
United States District Judge